Accordingly, the judgment of the district court is

AFFIRMED.

**Magdalena ANDERSON; et al.,**
**Plaintiffs—Appellees,**

v.

**Jeffrey BOTT, Defendant—Appellant.**

No. 03–16169.
D.C. No. CV–01–00951–JCM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2005.

Decided March 28, 2005.

---

Robert L. Langford, John Thomas Costo, Robert L. Langford & Associates, Jonell Thomas, Law Office of J. Thomas, Las Vegas, NV, for Plaintiffs–Appellees.

Ronald Sailon, Office of the City Attorney, Henderson, NV, Walter R. Cannon, Rawlings, Olson, Cannon, Gormley & Desruisseaux, Las Vegas, NV, for Defendant–Appellant.

Before THOMAS, PAEZ, Circuit Judges, and BURNS, District Judge.[*]

### MEMORANDUM[**]

Defendants appeal denial of their motion for summary judgment based on qualified immunity. We reverse. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here. We review a denial of qualified immunity de novo. *Lee v. Gregory,* 363 F.3d 931, 933 (9th Cir.2004).

In deciding whether an officer is entitled to qualified immunity, we must determine whether " '[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?' " *Brosseau v. Haugen,* —— U.S. ——, 125 S.Ct. 596, 598, 160 L.Ed.2d 583 (2004) (quoting *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

In general, an investigatory stop is only justified if there exists some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity. *United States v. Cortez,* 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). The question is whether reasonable suspicion existed at the moment Anderson submitted to the officer's authority. *See California v. Hodari D.,* 499 U.S. 621, 627, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). By the time Anderson stopped his car in this case, the officer had observed numerous factors, including a traffic violations, that provide an objectively particularized basis for the stop. *See United States v. Arvizu,* 534 U.S. 266, 274, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). In stopping Anderson's vehicle, the officer was not required to have a particular suspicion as to the passengers independent from that of the driver. *See Allen v. City of Los Angeles,* 66 F.3d 1052, 1056–57 (9th Cir.1995). Given the particular location, time of day, and circumstances preceding the stop, the officer was entitled to make a "high-risk" stop. *See Alexander v. County of Los Angeles,* 64 F.3d 1315, 1320 (9th Cir.1995). Therefore, the traffic stop did not violate the Plaintiffs' constitutional rights, and Officer Bott was entitled to qualified immunity.

---

[*] The Honorable Larry A. Burns, United States District Judge in a for the Southern District of California, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Plaintiffs contend that the stop was unlawful because it was premised on an impermissible "profile" as opposed to any truly individualized suspicion. *See United States v. Sigmond–Ballesteros*, 285 F.3d 1117, 1121 (9th Cir.2002). To be sure, reasonable suspicion may not be "based on broad profiles which cast suspicion on entire categories of people without any individualized suspicion of the particular person to be stopped." *United States v. Rodriguez–Sanchez*, 23 F.3d 1488, 1492 (9th Cir.1994), *overruled in part on other grounds by United States v. Montero–Camargo*, 208 F.3d 1122, 1131–32 (9th Cir. 2000). However, in this case, reasonable suspicion was based independently on the traffic violations and other permissible factors; thus, *Sigmond–Ballesteros* does not apply.

**REVERSED.**